**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 96-6958

RAYMOND WAGSTAFF-EL, Individually and on behalf of himself,

Plaintiff - Appellant,

versus

CITY OF BALTIMORE, in its Official Capacity, as a Municipal Corporation and Enterprise; C. LOUIS DAVIS, Individually as an Employee and in his Official Capacity as Ranking Detective of the Baltimore City Police Department, an Enterprise; ALBERT HEINBAUGH, Individually as an Employee and in his Official Capacity as Police Officer of the Baltimore City Police Department, an Enterprise; JAMES HENDERSON, Individually as an Employee and in his Official Capacity as Police Officer of the Baltimore City Police Department, an Enterprise; SAMUEL M. WICHNER, Individually as an Employee and in his Official Capacity as Case Agent of the F.B.I., an Enterprise; RAYMOND C. BLOOMER, Jr., Individually as an Employee and in his Official Capacity as Special Agent of the F.B.I., an Enterprise; EMORY WATERS, Individually as an Employee and in his official Capacity as a Special Agent of the F.B.I, an Enterprise; PROVIDENT SAVINGS BANK, a/k/a Provident Bank of Maryland, in its Official Capacity as a Baltimore Enterprise, doing business as an FDIC Member Bank; CHARLOTTE A. THANNER, Individually as an Employee and in her Official Capacity as an Agent of Provident Savings Bank, an Enterprise; JUDITH L. KAISER, Individually as an Employee and in her Official Capacity as an Agent of Provident Savings Bank, an Enterprise; BONNIE HICKS, Individually as an Employee and in her Official Capacity as an Agent of Provident Savings Bank, an Enterprise; DAVID F. MISTER, Individually as

an Employee and in his Official Capacity as a Member of Ruppersberg, White, Winter, Clark & Mister Law Firm, an Enterprise; CYNTHIA MILLER, a/k/a Cynthia Winkler, Individually as a former Employee and in her Official Capacity as former Legal Secretary of Ruppersberg, White, Winter, Clark & Mister Law Firm, an Enterprise; PAUL ROSENBERG, Individually as an Employee and in his Official Capacity as a United States Magistrate, an Enterprise; FRANK A. KAUFMAN, Individually as an Employee and in his Official Capacity as a United States Court, an Enterprise; CARMINA HIGHES, Individually as an Employee and in her Official Capacity as an Assistant United States Attorney for the United States Attorney's Office in Baltimore Maryland, an Enterprise; GERALD R. DOUGHER, Individually as an Employee and in his Official Capacity as a Special Agent of the F.B.I., an Enterprise; ROGER D. KUHLEMAN, Individually as an Employee and in his Official Capacity as Case Agent of the F.B.I., an Enterprise; H. THOMAS MOORE, Individually as an Employee and in his Official Capacity as Special Agent of the F.B.I., an Enterprise; WILLIAM D. QUARLES, Individually as an Employee and in his Official Capacity as Assistant United States Attorney for the United States Attorney's Office in Baltimore Maryland, an Enterprise; BRICE WIDDOWSON, Individually as an Employee and in his Official Capacity as Police Officer of the Baltimore City Police Department, an Enterprise; JAMES SAVAGE, Individually as an Employee and in his Official Capacity as United States Attorney for the United States Attorney's Office in Baltimore, Maryland, an Enterprise; LAWRENCE WAGSTAFF, Individually and in his Official Capacity as an Agent of the United States Attorney's Office in Baltimore, Maryland, an Enterprise; FREDERICK J. SULLIVAN, Individually as an Employee and in his Official Capacity as a Member of Sullivan Law Firm, and Enterprise; VERONICA MARIE CLARKE, Individually as an Employee and in her Official Capacity as Assistant United States Attorney for the United States Attorney's Office in Baltimore, Maryland, an Enterprise; CHRISTOPHER OHLY, Individually as an Employee and in his Official Capacity as former Assistant United

2

States Attorney for the United States Attorney's Office in Baltimore, Maryland, an Enterprise; CATHERINE C. BLAKE, Individually as an Employee and in her Official Capacity as Assistant United States Attorney for the United States Attorney's Office in Baltimore, Maryland, an Enterprise; MARK H. KOLMAN, Individually as an Employee and in his Official Capacity as Assistant United States Attorney for the United States Attorney's Office in Baltimore, Maryland, an Enterprise; MARTIN S. HIMELES, Individually as an Employee and in his Official Capacity as Assistant United States Attorney for the United States Attorney's Office in Baltimore, Maryland, an Enterprise; LINDA CHATMAN THOMSEN, Individually as an Employee and in her Official Capacity as Assistant United States Attorney for the United States Attorney's Office in Baltimore, Maryland, an Enterprise; JOSEPH H. YOUNG, Individually and an Employee and in his Official Capacity as a United States Court, an Enterprise; J. FREDERICK MOTZ, Individually as an Employee and in his Official Capacity as a United States Court, an Enterprise; SYLVESTER WILSON, Individually and as an Employee and in his Official Capacity as an Officer of the U.S. Parole and Probation Department, an Enterprise; DANIEL LOPEZ, Individually as an Employee and in his Official Capacity as Regional Commissioner of the U.S. Parole Commission, an Enterprise; WILLIAM D. TENNEY, Individually as an Employee and in his Official Capacity as a Hearing Examiner of the U.S. Parole Commission, an Enterprise; J. ROGERS, Individually as an Employee and in his Official Capacity as a Hearing Examiner of the U.S. Parole Commission, an Enterprise; KATHLEEN J. PINNER, Individually as an Employee and in her Official Capacity as a Case Analyst for the U.S. Parole Commission, an Enterprise; RICHARD THORNBURGH, In his Official Capacity as United States Attorney General, an Enterprise of the Department of Justice; UNITED STATES PAROLE COMMISSION, In its capacity as Commission, an Enterprise; JOHN DOE, Warden, in his Official Capacity as Representative of Attorney General, an Enterprise; W.M. CAMPBELL, In his Official Capacity as Representative of Attorney General, an Enterprise;

3

FEDERAL BUREAU OF INVESTIGATION, In its Official Capacity as an Investigative Organization, an Enterprise, Individually and Officially on behalf of all,

Defendants - Appellees.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore. Benson E. Legg, District Judge. (CA-94-1411-L)

---

Submitted: October 8, 1996          Decided: November 19, 1996

---

Before HALL and WILLIAMS, Circuit Judges, and BUTZNER, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Raymond Wagstaff-El, Appellant Pro Se. Robert Charles Verderaime, VERDERAIME & DUBOIS, Baltimore, Maryland; Ward Baldwin Coe, III, WHITEFORD, TAYLOR & PRESTON, Baltimore, Maryland; George Levi Russell, III, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Raymond Wagstaff-el appeals from the district court's order dismissing his action under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C.A. §§ 1962 & 1964(c) (West 1984 & Supp. 1996). We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we affirm on the reasoning of the district court. Wagstaff-El v. City of Baltimore, No. CA-94-1411-L (D. Md. May 3, 1996). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED